**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Ryan Borchik,

          Plaintiff,

  v.

State Farm Mutual Automobile Insurance Company,

          Defendant.

Case No. 2:21-cv-00567-BNW

**ORDER RE DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM COMMENTING ON REDACTIONS [ECF 84]**

Before the Court is Defendant's "Motion in Limine No. 3: Precluding Comment on Redactions or Documents Withheld on the Basis of Privilege." ECF No. 84. As explained below, the Court grants Defendant's motion.

## I.   BACKGROUND

### A.  Facts and Procedural History

This is an insurance dispute in which Plaintiff alleges that Defendant, an insurance company, breached the parties' insurance contract, breached the covenant of good faith and fair dealing inherent in that contract (also known as a bad-faith claim), and violated Nevada's unfair claims practices act (Nevada Revised Statute § 686A.310) by mishandling his insurance claim. ECF No. 1-1. In discovery, Defendant produced its claim file for Plaintiff. *See* ECF No. 84 at 6. Some information in the claim file was redacted to preserve attorney-client privilege. *Id.*

### B.  Parties' Arguments

Defendant requests that the Court preclude Plaintiff from commenting on redactions in its claim file as small portions have been redacted as protected by attorney-client privilege. ECF No. 84 at 6. Defendants argue that excluding such comments is appropriate under Federal Rule of Evidence 403 as any probative value is outweighed by the risks that the jury will conclude Defendant is hiding something nefarious. *Id.*

Plaintiff agrees to refraining from commenting on the attorney-client privilege redactions provided Defendant and its witnesses are also precluded from commenting on the redactions within the exhibits. ECF No. 95 at 4. Plaintiff points out that there are some unredacted references to attorney-client communications in Defendant's exhibits, specifically unredacted communications with Defendant's counsel about scheduling an independent medical examination. *Id.* at 3. Plaintiff requests that Defendant and its witnesses do not refer to any of the unredacted communications or unredacted references to communications between it and its counsel. *Id.* at 5. In support of his argument, Plaintiff states that Defendant cannot "have its cake and eat it too" by redacting certain communications and keeping some communications unredacted and attempt to use them at trial. *Id.* at 5. Plaintiff does not cite any authority in support of his contention.

In its reply, Defendant agrees that the order preventing Plaintiff from commenting on the redactions should be reciprocal and Defendant will not comment on the redacted information either. ECF No. 102 at 2. However, Defendant argues that issues regarding unredacted information were not discussed during the parties' meet and confer and that Plaintiff's response is, in part, a separate motion in limine. *Id.* As Plaintiff's response acts as a motion in limine, such motion it is untimely. *Id.* Nevertheless, in the interest of judicial efficiency, the argument will be addressed.

## II.   DISCUSSION

### A.  Legal Standard

A motion in limine is a procedural device that permits courts to rule on the admissibility of evidence or testimony before trial. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009). Though the Federal Rules of Evidence do not explicitly authorize ruling on motions in limine, the practice is based on the "district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). However, in limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n.3 (2000). Relatedly, denying a motion in limine does not guarantee that all evidence raised in the motion will be

admissible at trial. *Humes v. Acuity*, No. 2:17-CV-01778-JAD-DJA, 2021 WL 1971491, at *2 (D. Nev. May 14, 2021). Rather, it means that the court cannot determine whether the evidence should be excluded without the context of trial. *Id.*

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. If evidence is not relevant, it is not admissible. Fed. R. Evid. 402. If evidence is relevant, the court may still exclude it "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[P]rejudice outweighs probative value . . . if the jury is basing its decision on something other than the established facts and legal propositions in the case." *United States v. Bowen*, 857 F.2d 1337, 1341 (9th Cir. 1988).

Additionally, Federal Rule of Civil Procedure 6(b)(1) provides that when a motion must be filed a specified time, the court my extend the time for good cause. Such extension can be granted with or without motion if the court acts, or a request is made, before the original time expires or "on motion made after the time expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b).

### B. The Court grants Defendant's motion in limine and denies Plaintiff's countermotion.

The Court agrees with Defendant that Plaintiff's opposition acts as its own motion in limine to preclude Defendant from referring to any communications between Defendant and its counsel. Plaintiff should have filed its request as a motion in limine by the January 6, 2026, deadline rather than as a response by the January 9 deadline. Thus, Plaintiff's request is untimely. But, in the interest of judicial efficiency and the orderly presentation of evidence at trial, the Court will address the argument.

Plaintiff does not explain why Defendant should be precluded from referring to any communications between Defendant and its counsel under Federal Rules of Evidence 401 or 403.

"What is good for the goose is good for the gander" is not an adequate legal standard. *See* Local Rule 7-2 (requiring motions to be supported by a memorandum of points and authorities).

Since the parties agree, however, that both counsel for Plaintiff and for Defendant should be precluded from commenting on redacted information in the case files as protected by the attorney-client privilege, and because allowing such commentary would be unfairly prejudicial under Federal Rule of Evidence 403, the Court grants Defendant's motion in limine.

**III.    CONCLUSION**

**IT IS ORDERED** that Plaintiff's motion in limine to preclude comment on redactions or documents withheld on the basis of privilege (ECF No. 84) is **GRANTED**.

DATED: January 23, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE