**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Ryan Borchik, | Case No. 2:21-cv-00567-BNW |
| Plaintiff, | |
| v. | **ORDER RE PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE PERSONAL ANECDOTES BY COUNSEL [ECF 87]** |
| State Farm Mutual Automobile Insurance Company, | |
| Defendant. | |

Before the Court is Defendant's "Motion in Limine No. 6: To Preclude Personal Anecdotes by Counsel." ECF No. 87. As explained below, the Court grants Defendant's motion.

## I. BACKGROUND

### A. Relevant Facts and Procedural History

This is an insurance dispute in which Plaintiff alleges that Defendant, an insurance company, breached the parties' insurance contract, breached the covenant of good faith and fair dealing inherent in that contract (also known as a bad-faith claim), and violated Nevada's unfair claims practices act (Nevada Revised Statute § 686A.310) by mishandling his insurance claim. ECF No. 1-1.

According to the parties' amended, joint, pretrial order, the parties contest, among other things, whether (1) Defendant had a reasonable basis for its valuation and payment under Plaintiff's underinsured motorist coverage; (2) Defendant had a reasonable basis for requesting a medical examination pursuant to the contract; and (3) Defendant had a reasonable basis for requesting an examination under oath pursuant to the contract. ECF No. 48 at 3. The jury trial in this case is set to start on February 2, 2026. ECF No. 79. In preparation for trial, the parties have filed nine motions in limine, which are ripe. ECF Nos. 81–108.

//

//

### B. Parties' Arguments

Defendant moves to preclude counsel from making anecdotal references including: (1) other experiences against Defendant where Defendant acted consistently with this case; (2) experience with other carriers who acted better than Defendant; (3) comments about other cases where they had clients that sustained major injuries in minor accidents; (4) other verdicts counsel has obtained of any kind; and (5) personal experiences with insurance claims. ECF No. 87 at 6. Defendant argues that such anecdotes would be irrelevant under Federal Rule of Evidence 401 and unfairly prejudicial under Federal Rule of Evidence 403. It argues that the specific facts of individual cases matter and that such anecdotes serve only to confuse and mislead the jury.

In his response, Plaintiff states that he does not object to precluding counsel from making anecdotal references provided that: (1) the order is reciprocal and precludes Defendant's counsel from offering personal experiences with claimants and personal injury attorneys; (2) that the order is limited to counsel; and (3) that the scope of the order only extends to the presentation of evidence. ECF No. 92 at 4.

In its reply, Defendant agreed that the order should be reciprocal and that the order should not extend to voir dire. ECF No. 105 at 2. Defendant opposed, however, Plaintiff's request to limit the order to counsel. *Id.* It argued that Plaintiff's claims are not based on his personal experience with Defendant outside of the immediate claim, so any anecdotes or commentary about his experience during the time he has been insured has no relevancy. *Id.*

## II.    DISCUSSION

### A. Legal Standard

A motion in limine is a procedural device that permits courts to rule on the admissibility of evidence or testimony before trial. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009). Though the Federal Rules of Evidence do not explicitly authorize ruling on motions in limine, the practice is based on the "district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). However, in limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind

during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n.3 (2000). Relatedly, denying a motion in limine does not guarantee that all evidence raised in the motion will be admissible at trial. *Humes v. Acuity*, No. 2:17-CV-01778-JAD-DJA, 2021 WL 1971491, at *2 (D. Nev. May 14, 2021). Rather, it means that the court cannot determine whether the evidence should be excluded without the context of trial. *Id.*

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. If evidence is not relevant, it is not admissible. Fed. R. Evid. 402. If evidence is relevant, the court may still exclude it "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[P]rejudice outweighs probative value . . . if the jury is basing its decision on something other than the established facts and legal propositions in the case." *United States v. Bowen*, 857 F.2d 1337, 1341 (9th Cir. 1988).

### B. The Court grants the motion in limine.

The Court agrees with Defendant that since this case is only based on Plaintiff's personal experience with Defendant *during the immediate claim*, anecdotes about Plaintiff's entire time as an insured is otherwise irrelevant and therefore inadmissible. *See* Fed. R. Evid. 401, 402. Moreover, even if admissible, it would be more prejudicial than probative. Fed. R. Evid. 403.

### III.   CONCLUSION

**IT IS ORDERED** that Plaintiff's motion in limine to preclude personal anecdotes by counsel (ECF No. 87) is **GRANTED**.


DATED: January 23, 2026


_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE