**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Ryan Borchik,

Plaintiff,

v.

State Farm Mutual Automobile Insurance Company,

Defendant.

Case No. 2:21-cv-00567-BNW

**ORDER RE DEFENDANT'S MOTION IN LIMINE TO PRECLUDE REFERENCES TO OTHER LAWSUITS FILED AGAINST STATE FARM [ECF 85]**

Before the Court is Defendant's "Motion in Limine No. 4: Preclude References to Other Lawsuits Filed Against State Farm Preclude Personal Anecdotes by Counsel." ECF No. 85. As explained below, the Court grants Defendant's motion in part and denies it in part.

I.    **BACKGROUND**

A.  **Facts and Procedural History**

This is an insurance dispute in which Plaintiff alleges that Defendant, an insurance company, breached the parties' insurance contract, breached the covenant of good faith and fair dealing inherent in that contract (also known as a bad-faith claim), and violated Nevada's unfair claims practices act (Nevada Revised Statute § 686A.310) by mishandling his insurance claim. ECF No. 1-1. In addition to compensatory, expectation, and consequential damages, Plaintiff seeks punitive damages. ECF No. 1-1 at 19

B.  **Parties' Arguments**

Defendant moves to preclude Plaintiff from introducing evidence of State Farm's claim handling practices with other insureds or previous lawsuits filed against it because any acts by Defendant related to other insureds' claims is per se irrelevant. ECF No. 85 at 6. It argues that "[i]n the absence of virtually identical facts, circumstances, or a direct effect on Plaintiff's claim by suits brought by unrelated third parties," Plaintiff has no basis to use other insured's claims as evidence. *Id.* at 7.

Plaintiff states that evidence as to other lawsuits or insurance claims involving Defendant are potentially relevant and should be evaluated as it arises through objections at trial. ECF No. 93 at 4. Plaintiff argues this case is more than a value dispute, it is about Defendant's policies and procedures and the manner in which it trains its claims personnel to handle claims. *Id.* Accordingly, Plaintiff believes that, depending on the testimony presented at trial, he may move to introduce evidence of other lawsuits against Defendant in the form of trial testimony, deposition transcripts, and written discovery responses as impeachment evidence. *Id.* Plaintiff also contends that other lawsuits and claims against Defendant would be relevant to punitive damages because the evidence would be used to demonstrate a pattern and practice of misconduct by Defendant. *Id.* at 5.

In its reply, Defendant states Plaintiff deposed Defendant's Rule 30(b)(6) witness and served written discovery. ECF No. 103 at 2. Defendant agrees that, should the door be opened, Plaintiff could use this evidence as impeachment evidence. *Id.* But Defendant argues that Plaintiff cannot use undisclosed information to ambush Defendant at trial. *Id.* Defendant reiterates its position that the number of times Defendant has been sued has no relevancy and that only Defendant's actions against Plaintiff can be considered in assessing punitive damages. *Id.* at 3.

## II.    DISCUSSION

### A.  Legal Standard

A motion in limine is a procedural device that permits courts to rule on the admissibility of evidence or testimony before trial. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009). Though the Federal Rules of Evidence do not explicitly authorize ruling on motions in limine, the practice is based on the "district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). However, in limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n.3 (2000). Relatedly, denying a motion in limine does not guarantee that all evidence raised in the motion will be admissible at trial. *Humes v. Acuity*, No. 2:17-CV-01778-JAD-DJA, 2021 WL 1971491, at *2 (D.

Nev. May 14, 2021). Rather, it means that the court cannot determine whether the evidence should be excluded without the context of trial. *Id.*

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. If evidence is not relevant, it is not admissible. Fed. R. Evid. 402.

Punitive damages are available for bad faith claims. *Guar. Nat. Ins. Co. v. Potter*, 112 Nev. 199, 208–09, 912 P.2d 267, 273 (Nev. 1996) (citing Nev. Rev. Stat. § 42.005); *see also Wallace v. U.S.A.A. Life Gen. Agency, Inc.*, 862 F. Supp. 2d 1062, 1072 (D. Nev. 2012). "Nevada follows the rule that proof of bad faith, by itself, does not establish liability for punitive damages." *United Fire Ins. Co. v. McClelland*, 105 Nev. 504, 512–13, 780 P.2d 193, 198 (Nev. 1989) (citation omitted). To prevail on a claim for punitive damages, an insured must prove "by clear and convincing evidence" that the insurer "has been guilty of oppression, fraud or malice, express or implied." Nev. Rev. Stat. § 42.005(1); *Potter*, 112 Nev. at 208, 912 P.2d at 273. Under § 42.005, if the trier of fact assesses punitive damages, "a subsequent proceeding must be conducted before the same trier of fact to determine the amount of such damages to be assessed." Nev. Rev. Stat. § 42.005(3).

**B. The Court denies Defendant's motion in limine as to Plaintiff's use of evidence of other lawsuits or claims involving Defendant as impeachment evidence.**

Although Defendant asks the Court to preclude Plaintiff from referring to other lawsuits or insurance claims involving Defendant, concedes that some of the evidence may be relevant for impeachment purposes. But Defendant seems to limit admissible impeachment evidence regarding Defendant's patterns and practices to the deposition of Defendant's Rule 30(b)(6) witness and what was included in served written discovery. The Court disagrees. Federal Rule of Civil Procedure 26(a) provides that copies of all documents, electronically stored information, and tangible things that the disclosing party has in its possession custody, or control and may use to support its claims or defenses must be disclosed and provided to the other parties unless that evidence that will be used solely for impeachment purposes. Fed. R. Civ. P. 26(a). Accordingly,

Plaintiff is not precluded from using such evidence so long as that evidence is used solely for impeachment purposes. Fed. R. Civ. P. 26(a).

**C. The Court grants Defendant's motion in limine precluding the introduction of evidence of other lawsuits or claims involving Defendant in support of punitive damages**

Whether a separate punitive damages proceeding will be necessary will be determined at trial. Nev. Rev. Stat. § 42.005(3). In the event punitive damages are to be assessed, evidence of prior lawsuits or claims involving Defendant will be irrelevant to the proceedings. The United States Supreme Court has held that, "a defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual business." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 423 (2003). "Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant." *Id.* Thus, only facts specific to Plaintiff's case will be relevant under Federal Rules of Evidence 401 and 402 for the purposes of determining punitive damages. Again, impeachment evidence may be admissible.

## III.   CONCLUSION

**IT IS ORDERED** that Plaintiff's motion in limine to preclude personal anecdotes by counsel (ECF No. 85) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff is allowed to introduce evidence regarding prior lawsuits or claims involving Defendant as impeachment evidence.

**IT IS FURTHER ORDERED** that Plaintiff is precluded from introducing evidence regarding prior lawsuits or claims involving Defendant to support its request for punitive damages unless introduced as impeachment evidence.

DATED: January 23, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE